ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| GERALDO A. MEDERO GONZÁLEZ<br><br>Parte Recurrida<br><br>v.<br><br>REESA M. TRICOCHE, COCORIO, LLC Y OTROS<br><br>Parte Peticionaria | TA2026CE00247 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Luquillo<br><br>Caso Núm.: LU2023CV00179<br><br>Sobre: Incumplimiento de Contrato; Interferencia Torticera; Dolo y Mala Fe; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 5 de marzo de 2026.

Comparece ante nos la señora Reese M. Tricoche, la corporación Cocorio, LLC. y la corporación Infinity Water Sport, LLC, mediante petición de *Certiorari* presentada el 26 de febrero de 2026, y nos solicitan la revisión de una *Resolución Interlocutoria* emitida y notificada el 26 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Luquillo (TPI). Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una moción de relevo de sentencia y anotación de rebeldía, y una moción de reconsideración.

Por los fundamentos que expondremos, adelantamos que se deniega la expedición del auto de *certiorari*.

**I**

El 28 de agosto de 2023, el señor Geraldo A. Medero González (la parte recurrida) presentó una *Denuncia por incumplimiento de contrato e incumplimiento del Pacto de Trato Leal*[1] contra la señora Reesa M. Tricoche (la parte peticionaria). Posteriormente, el 12 de diciembre de

---

[1] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 1.

2023, compareció el recurrido mediante *Demanda Enmendada*[2] sobre incumplimiento de contrato; interferencia torticera; dolo y mala fe; daños y perjuicios; e incluyó en el pleito como partes demandadas a las corporaciones Cocorio, LLC e Infinity Water Sports, LLC (la parte peticionaria). Adujo que, el 22 de junio de 2022, las partes llegaron a un acuerdo verbal en el cual se obligaron mutuamente a crear un negocio. Sostuvo que el acuerdo consistía en que la señora Tricoche invertiría capital de dinero para la creación de un negocio, mientras que el señor Medero se encargaría del servicio y la logística, por lo cual, este ideó un concepto de negocio de renta de motoras acuáticas. Manifestó que la parte peticionaria, mediante engaños y falsas promesas, no le incluyó como accionista de las corporaciones ni como participante en ninguna entidad del negocio según acordado. Mas bien, sostuvo que, mediante tergiversaciones fraudulentas y engaño intencional, la parte peticionaria faltó a los acuerdos que ya se habían alcanzado, frenó abrupta y arbitrariamente las negociaciones y revocó ofertas vinculantes, entre otras cosas. Además, solicitó al foro primario que ordenase el pago en daños compensatorios y daños punitivos ascendentes a la cantidad de dos millones cuatrocientos mil dólares ($2,400,000.00), ordenase a la parte peticionaria la devolución de unas motos acuáticas y el pago de costas y honorarios de abogado.

Por su parte, el 19 de marzo de 2024, la parte peticionaria compareció mediante *Contestación a Demanda Enmendada y Reconvención.*[3] En síntesis, negó muchas de las alegaciones según esbozadas en la demanda. Arguyó que su intención en cuanto al negocio siempre fue que su hijo pudiese continuarlo, y que su acercamiento al señor Medero tuvo como único propósito que este aportase sus servicios, pero nunca en calidad de copropietario. Expresó que financió en su totalidad las gestiones y adquisiciones para el negocio, además de los viajes y estadías

---

[2] SUMAC TPI, a la Entrada Núm. 15.
[3] SUMAC TPI, a la Entrada Núm. 29.

del recurrido en sus gestiones. A tenor, solicitó al foro primario que declarase inexistente tal contrato verbal; ordenase la devolución de unas motoras acuáticas y los equipos del negocio retenidos por el recurrido, y lo condenase al pago de dos millones quinientos mil dólares ($2,500,000.00) en compensación.

Posteriormente, el 16 de abril de 2024, el recurrido instó *su Réplica a Reconvención.*[4] Mediante la referida, el recurrido reiteró sus planteamientos contenidos en la demanda y arguyó que la reconvención instada por la peticionaria era frívola y temeraria. Tras varios trámites procesales, el 4 de noviembre de 2024, la peticionaria compareció mediante *Moción*[5] por derecho propio y solicitó término adicional para obtener representación legal tras haberse relevado su previa representación. Mediante *Orden*[6] emitida el 8 de noviembre de 2024, el foro primario concedió a la señora Tricoche un término de treinta (30) días para lo anterior.

La peticionaria compareció nuevamente el 15 de enero de 2025, mediante *Moción*[7] por derecho propio solicitando de nuevo término adicional para obtener representación legal. Mediante *Orden*[8] emitida en la misma fecha, el foro primario ordenó a la señora Tricoche mostrar causa por la cual no procedía la imposición de una sanción por incumplimiento con las órdenes del Tribunal. El 30 de enero de 2025, la peticionaria compareció mediante *Moción*[9] por derecho propio solicitando repetidamente término adicional. Así pues, mediante *Orden*[10] emitida el 31 de enero de 2025, el Tribunal de Primera Instancia declaró *No Ha Lugar* la petición y le impuso una sanción de doscientos cincuenta dólares ($250.00) por incumplimiento con las órdenes del Tribunal.

---

[4] SUMAC TPI, a la Entrada Núm. 33.
[5] SUMAC TPI, a la Entrada Núm. 43.
[6] SUMAC TPI, a la Entrada Núm. 44.
[7] SUMAC TPI, a la Entrada Núm. 45.
[8] SUMAC TPI, a la Entrada Núm. 48.
[9] SUMAC TPI, a la Entrada Núm. 49.
[10] SUMAC TPI, a la Entrada Núm. 50.

Luego de una serie de incidencias procesales, el 11 de marzo de 2025, el recurrido instó una *Moción Solicitando Anotación en Rebeldía y Desestimación de la Reconvención*[11] ante el incumplimiento de la peticionaria. El 17 de marzo de 2025, mediante *Orden*[12] el foro primario declaró *Ha Lugar* la anotación de rebeldía, y declaró *No Ha Lugar* la desestimación de la reconvención. Asimismo, le concedió término adicional a la peticionaria para satisfacer la sanción impuesta, so pena de ser sancionada nuevamente.

Ante la incomparecencia de la peticionaria, el 7 de julio de 2025, el recurrido compareció mediante *Moción Reiterando Solicitud de Desestimación de la Reconvención.*[13] De lo anterior, el foro primario emitió una *Orden*[14] declarando *Ha Lugar* la desestimación solicitada. Así las cosas, el 9 de octubre de 2025, compareció la peticionaria mediante *Comparecencia Especial*[15] solicitando que se levantara la anotación de rebeldía en su contra, lo cual, mediante *Orden*[16] emitida en la misma fecha, fue declarado *No Ha Lugar*.

Ulteriormente, el 1 de diciembre de 2025, el Tribunal de Primera Instancia emitió *Sentencia*[17] declarando *Con Lugar* la demanda de título y condenando a la peticionaria y a las corporaciones al pago de dos millones cuatrocientos mil dólares ($2,400,000.00) solidariamente, más veinticinco mil ($25,000.00) en gastos de honorarios de abogado. Inconforme, el 16 de diciembre de 2025, la peticionaria compareció mediante *Solicitud de Reconsideración.*[18] Mediante *Orden*[19] emitida en la misma fecha, el foro primario declaró *No Ha Lugar* la reconsideración.

Tras varios incidentes procesales innecesarios pormenorizar, el 25 de febrero de 2026, la peticionaria instó una *Urgente Moción de Relevo de Sentencia y de Anotación de Rebeldía al Amparo de las Reglas 45.3 y 49.2*

---

[11] SUMAC TPI, a la Entrada Núm. 51.
[12] SUMAC TPI, a la Entrada Núm. 52.
[13] SUMAC TPI, a la Entrada Núm. 53.
[14] SUMAC TPI, a la Entrada Núm. 54.
[15] SUMAC TPI, a la Entrada Núm. 56.
[16] SUMAC TPI, a la Entrada Núm. 57.
[17] SUMAC TPI, a la Entrada Núm. 58.
[18] SUMAC TPI, a la Entrada Núm. 59.
[19] SUMAC TPI, a la Entrada Núm. 60.

*de Procedimiento Civil y Solicitando Paralización Inmediata de Ejecución de la Sentencia*[20] y *Moción Urgente de Reconsideración.*[21] Por su parte, el recurrido compareció en la misma fecha mediante *Oposición Contundente a Toda Reconsideración, Relevo o Paralización*[22] y *Oposición Enérgica, Contundente y Solicitando Denegación de Plano.*[23] Dado lo anterior, el 26 de febrero de 2026, el foro primario emitió *Orden*[24] declarando *No Ha Lugar* ambas solicitudes presentadas por la peticionaria.

Aún inconforme, el 26 de febrero de 2026, la señora Tricoche acude ante nos mediante recurso de *Certiorari,*[25] y nos plantea la comisión de cinco (5) errores por parte del foro primario, a saber:

> Erró el TPI al Denegar la Moción de Relevo de Sentencia en Rebeldía y de Anotación de Rebeldía cuando esta es Nula por violación al debido proceso de ley de las demandadas.
>
> Erró el TPI al Denegar la Moción de Relevo de Sentencia en Rebeldía y de Anotación de Rebeldía ya que medió error y negligencia excusable de las demandadas.
>
> Erró el TPI al denegar la moción de relevo de sentencia en rebeldía y de anotación de rebeldía cuando el relevo es necesario para evitar un fracaso irremediable de la justicia.
>
> Erró el TPI al denegar la moción de relevo de sentencia en rebeldía y de anotación de rebeldía a pesar de que las alegaciones de la Demanda Enmendada no justifican la concesión de un remedio, mucho menos el remedio otorgado de $2,400,000.
>
> Erró el TPI al denegar la moción de relevo de sentencia en rebeldía y de anotación de rebeldía a pesar de que se cumplen los criterios inherentes para el mismo: las demandadas tienen una buena defensa en los méritos, la moción se presentó en un tiempo razonable dentro de los seis meses y el relevo no causaría perjuicio al demandante.

El 27 de febrero de 2026, compareció el recurrido mediante *Moción en Oposición al Escrito de Certiorari con Hoja de Presentación y Certificación de Notificación.*[26] Contando con la comparecencia de las partes, procedemos a resolver.

---

[20] SUMAC TPI, a la Entrada Núm. 121.
[21] SUMAC TPI, a la Entrada Núm. 122.
[22] SUMAC TPI, a la Entrada Núm. 128.
[23] SUMAC TPI, a la Entrada Núm. 129.
[24] SUMAC TPI, a la Entrada Núm. 130.
[25] Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1.
[26] SUMAC TA, a la Entrada Núm. 4.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1).

Particularmente, en cuanto a los procedimientos de apelación, *certiorari,* u otros procesos para revisar sentencias y resoluciones, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […] *Id.*

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, *supra,* toda vez que esta enumera taxativamente bajo qué materias,

solamente, se podrá expedir el auto de *certiorari*. En aquellos en los que la materia no esté comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o

craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* de acuerdo con la Regla 52.1, *supra,* este Tribunal no tiene que fundamentar su decisión.

**III**

La parte peticionaria acude ante este Tribunal Apelativo mediante un recurso de *certiorari* y nos solicita la revisión de la Resolución recurrida, en la cual se expone la comisión de cinco (5) errores. En esencia, la señora Tricoche alega que erró el Tribunal de Primera Instancia al denegar el relevo de sentencia y la anotación de rebeldía solicitados cuando el dictamen viola el debido proceso de ley, ya que medió error y negligencia excusable; cuando el relevo es necesario para evitar un fracaso irremediable de la justicia; cuando no se justifica la concesión de un remedio, mucho menos el remedio otorgado de dos millones cuatrocientos mil dólares ($2,400,000.00), y a pesar de que se cumplen los criterios inherentes para el mismo.

Según discutido anteriormente, los foros primarios gozan de amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. Nuestro ordenamiento jurídico reconoce que los tribunales tienen la autoridad para realizar u ordenar cualquier acto que resulte necesario a fin de cumplir a cabalidad con sus funciones y tienen amplia discreción sobre el manejo del caso con el propósito de lograr la resolución de este de la forma más justa, rápida y económica posible.

Como es sabido, un tribunal revisor no debe sustituir su criterio en cambio a lo adjudicado por el foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994). Puntualizamos, que el *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las

determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Además, dicha intervención tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, así como en lo dispuesto por la Regla 52.1 de Procedimiento Civil.

Cierto es que la citada Regla 52.1 de las de Procedimiento Civil, *supra*, nos faculta para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, como excepción, si estas conllevasen un fracaso irremediable de la justicia. Es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de las Regla 52.1 de Procedimiento Civil, *supra,* ni de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. De un examen minucioso del expediente se desprende que la parte peticionaria no nos demostró que en el manejo del caso ante la consideración del foro primario se haya cometido un craso abuso de discreción o que actuó con prejuicio y parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitaría un perjuicio sustancial. Por todo lo antes mencionado, no encontramos razones para intervenir con la determinación recurrida.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones